NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MASTER TAX LLC,

  Plaintiff-Appellee,

v.

ULTIMATE SOFTWARE GROUP, INC.,

  Defendant-Appellant.

No.  18-16792

D.C. No. 2:18-cv-01463-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted May 14, 2019**
San Francisco, California

Before:  WALLACE and IKUTA, Circuit Judges, and MOLLOY,*** District
Judge.

Ultimate Software Group, Inc. appeals from a preliminary injunction.  We

have jurisdiction under 28 U.S.C. § 1292, and we vacate and remand.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

"We review the grant of a preliminary injunction for abuse of discretion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011). "In deciding whether the district court has abused its discretion, we employ a two-part test: first, we 'determine de novo whether the trial court identified the correct legal rule to apply to the relief requested'; second, we determine 'if the district court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.'" *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012) (quoting *Cal. Pharmacists Ass'n v. Maxwell–Jolly*, 596 F.3d 1098, 1104 (9th Cir. 2010)).

A party can obtain a preliminary injunction by showing that (1) it is "likely to succeed on the merits," (2) it is "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Typically, an injunction is prohibitory—it enjoins a party from acting. In contrast, the injunction here requires Ultimate to provide affirmatively various information to Master Tax LLC. This type of relief is a "mandatory" injunction because it "orders a responsible party to 'take action.'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir.

2

2009)).  Mandatory preliminary injunctions are subject to a heightened standard. *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1161 (9th Cir. 2011).  Master Tax "must establish that the law and facts clearly favor [its] position, not simply that [it] is likely to succeed."  *Garcia*, 786 F.3d at 740.  Moreover, Master Tax must also show that "'extreme or very serious damage' will result from the denial of a preliminary injunction."  *See Am. Freedom Def. Initiative v. King Cty.*, 796 F.3d 1165, 1173 (9th Cir. 2015) (quoting *Marlyn*, 571 F.3d at 879).

The district court abused its discretion when it did not apply the heightened standard governing mandatory injunctions.  *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014) ("[A] district court abuses its discretion if the court rests its decision on an erroneous legal standard").

Our holding that the district court applied an erroneous legal standard is sufficient to resolve this appeal.  However, we address one other issue raised by the parties because it could arise again on remand and because it has been fully briefed.  *See United States v. Mancuso*, 718 F.3d 780, 796 (9th Cir. 2013); *United States v. Van Alstyne*, 584 F.3d 803, 817 n.14 (9th Cir. 2009).  The district court concluded that Master Tax was likely to suffer irreparable harm under the *Winter* standard.  This was an error because there is "no evidence in the record that could support a finding of irreparable harm" in this case.  *adidas Am., Inc. v. Skechers*

3

*USA, Inc.*, 890 F.3d 747, 759 (9th Cir. 2018). The materials requested through the injunction are preserved by order of the district court, and Ultimate stopped using the software after May 31, 2018. In other words, Master Tax would not suffer irreparable harm in the absence of a preliminary injunction because all relevant materials have been preserved, and Master Tax could litigate the case and obtain a permanent injunction requiring the audit, thus exercising its audit right.

**VACATED and REMANDED.**